1 ¡WALTER J. ROTHSCHILD, Judge.
The sole issue presented by this appeal concerns the proper division of a community property asset between two former spouses. For the reasons stated more fully herein, we affirm the trial court’s judgment in this matter.
John Paul Sparcello and Gail Heno were married on December 12, 1962. Prior to and during the marriage, Mr. Sparcello was employed by the Orleans Parish Fire Department. On September 12, 1986, Mr. Sparcello filed a petition for divorce, and a judgment of divorce was subsequently rendered by the court on November 19, 1986.
On July 28, 1987, Ms. Heno filed a petition for partition of community property with a descriptive list. Mr. Sparcello answered this petition and submitted his own sworn descriptive list. In June of 1994, the parties entered into a Settlement of Community Property Agreement that was made judgment of the court on June 14, 1994. As part of this settlement, the parties agreed that Mr. Sparcello would remit payment to Ms. Heno representing one-half of all accumulated annual and sick leave acquired by him during the existence of the community as a result of his employment with the City of New Orleans. The I .-¡parties further agreed that the amount of this payment would be calculated by the City of New Orleans and paid when due upon Mr. Sparcello’s retirement or at the end of his employment with the City of New Orleans.
On May 11, 2000, Gail Heno filed a petition for enforcement of the June 1994 judgment. In this petition, Ms. Heno alleged that Mr. Sparcello retired from the Orleans Parish Fire Department in July of 1999 and that at that time he received payment of accumulated leave funds he acquired during his employment. Based on the previous agreement between the parties, Ms. Heno alleged that she was entitled to one-half of the community interest in these funds.
On July 13, 2000, the parties entered into a consent judgment in open court wherein Mr. Sparcello agreed to pay Ms. Heno $29,979.94 in full settlement of this matter. Shortly thereafter, Mr. Sparcello filed a motion for new trial arguing the judgment was contrary to law because the 1994 settlement agreement did not include annual or sick leave benefits. The trial court granted the motion for new trial, and the dispute was heard by the court on October 11, 2001.
Prior to trial, Ms. Heno discovered that Mr. Sparcello accumulated no annual leave during the period of existence of the com *612 munity, and Ms. Heno therefore limited her demand to her share of the accumulated sick leave only.
At trial, the parties stipulated that Mr. Sparcello was employed by the fire department from October 1, 1957 until his retirement on June 9, 1999. Additionally, the parties stipulated that the gross amount of accumulated annual and sick leave received by Mr. Sparcello upon his retirement in 1999 was $105,237.07. Further, a stipulation was entered that a community of acquets and gains existed between the parties from December 12, 1962 until September 12, 1986, and that Mr. Sparcello’s work-service period amounted to 41.69 years, 23.75 of which occurred during the existence of the community property regime.
| ¿Raymond Armant, payroll supervisor for the City of New Orleans, testified that he prepared a calculation of the amount of accumulated sick leave acquired by Mr. Sparcello during his employment with the fire department. Mr. Armant testified that the amount of leave that Mr. Sparcel-lo had acquired as of the date of termination of the community, September 12, 1986, was $44,463.75. However, Mr. Ar-mant admitted that this figure included the leave acquired by Mr. Sparcello prior to his marriage, and that he did not calculate the amount of leave acquired by Mr. Spar-cello soley during the existence of the community. Mr. Armant also stated that the value of the Mr. Sparcello’s leave benefits increased over time based on Mr. Sparcel-lo’s daily rate of pay increases. Mr. Spar-cello’s daily rate of pay at the termination of the community and at the time of partition was $118.57. His daily rate of pay at the time his retirement was $154.28.
Sandra Gauthier, an employee of the city finance department, testified that she calculated the amount of sick leave benefits accumulated by Mr. Sparcello during the existence of the community property. She stated that 527.33 sick days were accumulated between 1962 and 1986, and that based on Mr. Sparcello’s 1986 daily rate of pay of $118.57, the total value of accumulated leave benefits amounted to $30,235.36. Both Ms. Gauthier and Mr. Armant agreed that no payments were made to Mr. Sparcello at this time however, as the payments only became due upon retirement or termination of employment.
After taking the matter under advisement and accepting post-trial memoranda, the trial court gave the following reasons for judgment:
The evidence supports that the parties’ benefits are to be calculated based upon the proceeds accumulated during their marriage through September 12, 1986. Thus, the percentage due each party is determined to be calculated upon the sum of Thirty thousand, two hundred, thirty five and 36/100 ($30,235.36) dollars. We find no basis in law to extend to Mrs. Sparcello leave accumulated by Mr. Sparcello beyond the date of September 12,1986.
|fiBased on that determination, the trial court divided Mr. Sparcello’s sick leave benefits totaling $30,325.36 in the following manner: 28.488% to Ms. Heno and 71.51% to Mr. Sparcello.
Ms. Heno now appeals from this judgment on the basis of a sole assignment of error. Appellant argues that based on the terms of the community property settlement agreement, the value of the funds in dispute here were to be calculated at the time of Mr. Sparcello’s retirement rather than valued at the time of the termination of the community. Appellant argues she is entitled to the increased value of these funds which accrued after the termination of the community, and she contends that the trial court erred in ignoring the hold *613 ings of Sims v. Sims, 358 So.2d 919 (La.1978) and Hare v. Hodgins, 586 So.2d 118.
In Sims, supra, the Supreme Court recognized that when the community is dissolved, the non-employed spouse is entitled to have recognized his or her one-half interest in the right to receive payments from employee benefit plans, in the proportion that these payments result from the employment or contributions during the community. The court also established the formula to determine a non-employee spouse’s interest in an employee benefit plan. Pursuant to that formula, the community interest in such a plan is expressed as a fraction with the numerator representing the number of years of creditable service that accrued during the existence of the community and the denominator representing the total years of creditable service. The fraction is then multiplied by one-half to determine the non-employee spouse’s share of the retirement benefits.
Although the present case does not involve pension rights, the parties applied the holding in Sims in the settlement agreement between them by recognizing the right of Ms. Heno to receive one half of the accumulated annual and sick leave due to Mr. Sparcello. Further, the trial court applied the Sims formula in determining that Ms. Heno was entitled to 28.488% of the accumulated [ fisick leave benefits, and the parties do not dispute this proportion. As stated in Sims, this figure represents one-half of the community portion of the entire amount of accumulated benefits. Further, the trial court valued the asset at the time the community was terminated, and not at the time of appellee’s subsequent retirement.
Appellant contends on appeal that the trial court erred in valuing this asset. Ms. Heno contends she is entitled to the increased value in these benefits which accrued after the termination of the community. In support of this argument, appellant relies on the case of Hare v. Hodgins, 586 So.2d 118 (La.1991). In that case, the original partition between the spouses did not allocate pension benefits based on the husband’s employment. When the husband retired, the wife filed a suit to partition these benefits. As there had been no previous partition of this asset, the court determined that the former spouses continued to be co-owners of the community even after the termination of the community. The court then considered the issue of whether the wife was entitled to the increased value of the pension benefits.
In the present case, the accumulated annual and sick leave benefits were made part of the partition agreement executed by the parties in 1994. Unlike the situation in Hare, the former spouses did not continue to be co-owners of this asset beyond the termination of the community. Rather, the Sparcellos agreed that this asset would be distributed when Mr. Spar-cello received payment for these benefits, i.e., at the end of his employment.
We therefore conclude that the holding in the Hare case cited by appellant is inapplicable to the facts of this case. We must therefore determine whether the trial court correctly valued this asset at the time the community was terminated.
Appellant argues that the settlement agreement between the parties shows that the parties agreed to value these benefits at the time of Mr. Sparcello’s |7retirement from employment. However, we have carefully reviewed the community property settlement agreement submitted into evidence in this case, and we are unable to agree with Ms. Heno’s assessment that she is entitled to the apply the increase in Mr. Sparcello’s daily pay after the termination of the community to value the amount *614 accumulated during the existence of the community.
Exhibit A of the agreement contains the movable and immovable property to be allocated to Ms. Heno. Paragraph 4 provides for division of annual and sick leave as follows:
One-half of the accumulated and annual sick leave due John Paul Spareello, a/k/a John P. Spareello, from the City of New Orleans, relative to his employment as an New Orleans Firefighter, during the existence of the community, December 12, 1962 and September 12, 1986. These funds are to be calculated by the City of New Orleans and paid when due upon Mr. Sparcello’s retirement or end of employment with the City of New Orleans Fire Department.
In Exhibit B-l listing Mr. Sparcello’s assumption of liabilities, Paragraph 7 provides in part as follows:
The value of this annual sick and annual leave is to be determined when it becomes legally due, that is, at the time of Mr. Sparcello’s retirement, or end of his employment, whichever comes first.
We fail to find that these two provisions are conflicting, or that the agreement specifically provides that Ms. Heno is entitled to the benefit of the increases in Mr. Spar-cello’s salary after the termination of the community. Even assuming the provisions of the contract to be ambiguous, our review of the record indicates that the parties’ intent was that Ms. Heno would receive one-half of the accumulated annual and sick leave benefits which were attributable to the community. The testimony of Sandra Gauthier shows that prior to the partition agreement, Ms. Heno requested a calculation of the annual and sick leave benefits attributable to the community. Ms. Gauthier responded to Ms. Heno by letter |sdated June 18, 1992 that the amount attributable to the community was $30,285.36. Further, in the descriptive lists filed by Ms. Heno in 1988 and 1992, and in her pre-trial order, Ms. Heno did not claim that she was entitled to a portion of the entire sick leave benefit of Mr. Spareello upon his retirement, but rather claimed her portion of the amount of the funds attributable to the community.
Based on the applicable jurisprudence and on the clear intent of the parties in executing the community property settlement agreement, we conclude that Ms. Heno is entitled to the accumulated sick leave benefits attributable to the community. We further find that when this asset was divided in the partition agreement between the parties, the property ceased to be community property. Following the termination of the community, Ms. Heno no longer had an ongoing community interest in the separate earnings or income of her former spouse. Although Ms. Heno retained her right to receive one-half of the community portion of these benefits at some point in the future, she was not entitled to any additional earnings by Mr. Spareello which took place after the termination of the community.
Under these circumstances, we find that the trial court’s division of this asset based on the portion of the benefits attributable to the community to be correct. Accordingly, the judgment of the trial court is affirmed. Appellant shall bear all costs of this appeal.

AFFIRMED.